**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **C4CAST.COM, INC.,**<br><br>                Plaintiff,<br><br>    v.<br><br>**(1) A. H. BELO CORPORATION,<br>(2) THE DALLAS MORNING NEWS INC.,<br>(3) DENTON PUBLISHING CO., AND<br>(4) THE PROVIDENCE JOURNAL CO.,**<br><br>                Defendants. | **Civil Action No. 2:13-CV-055**<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff c4cast.com, Inc. ("c4cast" or "Plaintiff") files this Complaint for patent infringement against Defendants A. H. Belo Corporation ("AHBC"), The Dallas Morning News, Inc. ("Dallas News"), Denton Publishing Company ("Denton Publishing"), and The Providence Journal Co. ("PJC") (collectively, "Defendants") alleging as follows:

**PARTIES**

1. Plaintiff c4cast.com, Inc. is a Delaware corporation having a principal place of business of 750 E. Walnut St., Pasadena, California 91101.

2. On information and belief, Defendant AHBC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at P.O. Box 224866, Dallas, Texas 75222. On information and belief, AHBC may be served via its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801.

3. On information and belief, Defendant Dallas News is a subsidiary of AHBC and a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 508 Young St. Dallas, TX 75202.  On information and belief, Dallas News may be served via its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801.

4. On information and belief, Defendant Denton Publishing is a subsidiary of AHBC and a company organized and existing under the laws of the State of Texas, with its principal place of business located P.O. Box 369, Denton, TX 76202.  On information and belief, Denton Publishing may be served via its registered agent, C T Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201.

5. On information and belief, Defendant PJC is a subsidiary of AHBC and a company organized and existing under the laws of the State of Delaware, with its principal place of business located at 75 Fountain St., Providence, RI 02902.  On information and belief, PJC may be served via its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this district, and has committed acts of patent infringement in this district.

8. On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 6,658,467

9. Plaintiff is the owner by assignment of United States Patent No. 6,658,467 ("the '467 Patent") entitled "Provision of Informational Resources over an Electronic Network."  The '467 Patent issued on December 2, 2003.  A true and correct copy of the '467 Patent is attached as Exhibit A.

10. Upon information and belief, Defendants have been and is now infringing the '467 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, providing, supplying, distributing, selling, and/or offering for sale apparatuses and systems and providing methods practiced on Defendants' various websites (including, without limitation, www.providencejournal.com and related internal systems supporting the operation of said websites) for maintaining a collection of resources that can be accessed by a participant over the electronic network at a given time; assigning points to the resources based on participant access of the resources; and modifying the collection based on the points assigned to the resources covered by one or more claims of the '467 Patent to the injury of c4cast. Defendants are directly infringing, literally infringing, and/or infringing the '467 Patent under the doctrine of

equivalents.  Defendant is thus liable for infringement of the '467 Patent pursuant to 35 U.S.C. § 271.

11. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '467 Patent complied with any such requirements.

12. As a result of Defendants' infringement of the '467 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

13. Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '467 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,958,204

14. Plaintiff is the owner by assignment of United States Patent No. 7,958,204 ("the '204 Patent") entitled "Community-Selected Content."  The '204 Patent issued on June 7, 2011. A true and correct copy of the '204 Patent is attached as Exhibit B.

15. Upon information and belief, each Defendant has been and is now infringing the '204 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, providing, supplying, distributing, selling, and/or offering for sale apparatuses and systems and providing methods practiced on Defendants' various websites (including, without limitation,

www.providencejournal.com, www.dallasnews.com, www.dentonrc.com and related internal systems supporting the operation of said websites) for maintaining a collection of resources, assigning points to individual resources based on amount of participant access, and modifying the collection based on the points assigned to the resources covered by one or more claims of the '204 Patent to the injury of c4cast.  Defendants are directly infringing, literally infringing, and/or infringing the '204 Patent under the doctrine of equivalents.  Defendants are thus liable for infringement of the '204 Patent pursuant to 35 U.S.C. § 271.

16. On information and belief, to the extent any marking was required by 35 U.S.C. §287, all predecessors in interest to the '204 Patent complied with any such requirements.

17. As a result of Defendants' infringement of the '204 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

18. Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '204 Patent, Plaintiff will be greatly and irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that each Defendant has infringed the '467 and '204 Patents;

2. A permanent injunction enjoining each Defendant and its officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '467 and '204 Patents, or such other equitable relief the Court determines is warranted;

3. A judgment and order requiring Defendants pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '467 and '204 Patents as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement;

4. Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

C4cast, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED January 28, 2013.                    Respectfully submitted,

By: \s\ *Hao Ni*

Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**Ni, Wang & Associates, PLLC**
8140 Walnut Hill Ln., Ste. 310
Dallas, TX 75251
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF**
**C4CAST.COM, INC.**